IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| ERIC BARTL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-cv-1071 |
| | ) | |
| COOK COUNTY CLERK OF | ) | |
| CIRCUIT COURT, ILLINOIS | ) | |
| SECRETARY OF STATE, and | ) | |
| GOVERNOR of the | ) | |
| STATE of ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Plaintiff Eric Bartl's Application to Proceed in District Court Without Prepaying Fees or Costs (d/e 3). Congress has directed this Court to dismiss any matter that is proceeding without prepayment of fees and costs if the Court determines that the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). Plaintiff Bartl's Complaint at Law (d/e 1) (Complaint) alleges claims under 42 U.S.C. §§ 1981, 1983, 1985 and 1986 for compensatory and punitive

damages against state officials in their official capacities.  See Complaint, ¶¶ 1, 9, 10, 11, 204, 205.  For the reasons set forth below, Bartl fails to state a claim under §§ 1981 and 1983, and his claims are also barred by the Eleventh Amendment to the Constitution.  The Defendants are, therefore, immune from Bartl's claims for monetary damages.  Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), this Court recommends that the Complaint should be dismissed.

Bartl brings this action against each Defendant in his official capacity.  Complaint, ¶¶ 9, 10, and 11.  The Governor of Illinois, the Secretary of State of Illinois, and the Circuit Clerk of Cook County, Illinois, are all state officials.  Ill. Const. art. V § 1 and art. VI §§ 1 and 18(b) (1970); Drury v. McLean County, 89 Ill.2d 417, 433 N.E.2d 666, 669 (Ill. 1982).  Actions against state officials in their official capacities are treated as actions against the state.  Kentucky v. Graham,  473 U.S. 159, 165 (1985).  Bartl, therefore, is really suing the State of Illinois.

Section 1983 establishes liability for any "person" acting under color of law who violates the federal rights of another person.  42 U.S.C. § 1983.  The State of Illinois and officials of the State of Illinois, in their official capacities, are not "persons" for purposes of § 1983 actions for damages.  Snyder v. King, 745 F.3d 242, 247 (7th Cir. 2014).  Bartl, therefore, cannot

damages against state officials in their official capacities.  See Complaint, ¶¶ 1, 9, 10, 11, 204, 205.  For the reasons set forth below, Bartl fails to state a claim under §§ 1981 and 1983, and his claims are also barred by the Eleventh Amendment to the Constitution.  The Defendants are, therefore, immune from Bartl's claims for monetary damages.  Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), this Court recommends that the Complaint should be dismissed.

Bartl brings this action against each Defendant in his official capacity.  Complaint, ¶¶ 9, 10, and 11.  The Governor of Illinois, the Secretary of State of Illinois, and the Circuit Clerk of Cook County, Illinois, are all state officials.  Ill. Const. art. V § 1 and art. VI §§ 1 and 18(b) (1970); Drury v. McLean County, 89 Ill.2d 417, 433 N.E.2d 666, 669 (Ill. 1982).  Actions against state officials in their official capacities are treated as actions against the state.  Kentucky v. Graham,  473 U.S. 159, 165 (1985).  Bartl, therefore, is really suing the State of Illinois.

Section 1983 establishes liability for any "person" acting under color of law who violates the federal rights of another person.  42 U.S.C. § 1983.  The State of Illinois and officials of the State of Illinois, in their official capacities, are not "persons" for purposes of § 1983 actions for damages.  Snyder v. King, 745 F.3d 242, 247 (7th Cir. 2014).  Bartl, therefore, cannot

seek damages against either the Defendants in their official capacities or the State of Illinois under § 1983. Bartl fails to state a claim under § 1983.

Bartl also cannot state a claim under § 1981 against the Defendants. Section 1981 generally prohibits racial discrimination. See Lubavitch-Chabad of Illinois, Inc. v. Northwestern University, 772 F.3d 443, 447 (7th Cir. 2014); Anooya v. Hilton Hotels Corp., 733 F.2d 48, 49-50 (7th Cir. 1984); 42 U.S.C. § 1981. Bartl may not bring an action against state actors, such as the Defendants, under § 1981 for racial discrimination. Bartl can only bring the action under § 1983 for racial discrimination in violation of his rights. Campbell v. Forest Preserve Dist. of Cook County, 752 F.3d 665, 667-68 (7th Cir. 2014). Therefore, Bartl fails to state a claim under § 1981. In addition, as explained above, Bartl cannot bring an action under § 1983 against the Defendants in their official capacities for money damages. Bartl, therefore, does not state a claim under either § 1981 or § 1983.

Finally, the Eleventh Amendment to the United States Constitution bars Bartl from bringing an action for damages in this Court under §§ 1983, 1985, or 1986 against the State of Illinois or state officials in their official capacities. See Keri v. Board of Trustees of Purdue University, 458 F.3d 620, 641 (7th Cir. 2006), overruled on other grounds, Hill v. Tangherlini,

724 F.3d 965, 967 n. 1 (7th Cir. 2013). The Defendants in their official capacities are effectively immune from Bartl's claims for monetary relief in this Court.

THEREFORE, THIS COURT RECOMMENDS that this action should be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Bartl is advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

ENTER: February 27, 2015

                                *s/ Tom Schanzle-Haskins*
                            UNITED STATES MAGISTRATE JUDGE